UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:10-CR-550-T-17MAP

JOEL STREINZ.

_____/

ORDER

This cause is before the Court on:

Dkt. 1341    Unopposed Motion for Release Pending Appeal
Dkt. 1344    Supplemental Motion

Defendant Joel Streinz moves for release pursuant to 18 U.S.C. Sec. 3143(b) and Fed. R. App. 9(b). Defendant Streinz has also filed a Supplemental Motion, in which Defendant asserts that this Court has jurisdiction to rule on Defendant's Motion, although the mandate has not issued.

On June 22, 2015, the Eleventh Circuit Court of Appeals reversed Defendant's conviction, and remanded for a new trial.   Prior to the reversal of Defendant's conviction, the Eleventh Circuit denied Defendant's motion for bond pending appeal, without prejudice, subject to Defendant filing a renewed motion for bond pending appeal in the district court.

The Government does not oppose Defendant's Motion for release on the same conditions previously imposed in this case, a $25,000 signature bond.

Case No. 8:10-CR-550-T-17MAP

I. Discussion

A. Jurisdiction

Defendant Streinz has relied on the advisory committee note to Fed. R. App. P. 9(b):

> [t]his subdivision regulates procedure for review of an order respecting release at a time when the jurisdiction of the court of appeals has already attached by virtue of an appeal from the judgment of conviction. Notwithstanding the fact that jurisdiction has passed to the court of appeals, both 18 U.S.C. Sec. 3148 and FRCrP 38(c) [rule 38(c), Federal Rules of Criminal Procedure] contemplate that the initial determination of whether a convicted defendant is to be released pending the appeal is to be made by the district court.

Defendant Streinz further relies on United States v. Kyzyke, 857 F.2d 1089, 1091 (6th Cir. 1989)(district court retains jurisdiction to set conditions of release after appellate court's decision on the merits but before mandate is issued) and United States v. Giancola, 754 F.2d 898 (11th Cir. 1985)(remanding case to district court to determine if defendant qualified for bail pending appeal).

The Court has examined the docket to determine where Defendant Streinz is held in custody, but was unable to do so. The Court assumes that Defendant Streinz is in custody in this district.

Because the Eleventh Circuit Court of Appeals denied Defendant's motion for bond pending appeal without prejudice, the Court concludes the Court has jurisdiction to rule on Defendant's motion prior to the issuance of the mandate.

Case No. 8:10-CR-550-T-17MAP

B. Release Pending Appeal

Defendant Streinz is entitled to release pending appeal if he satisfies two requirements. The Court must find by clear and convincing evidence that Defendant Streinz is not a flight risk, and does not pose a danger to public safety. See 18 U.S.C. Sec. 3143(b)(1)(A). The Court must further find by a preponderance of the evidence that "(1) the defendant is appealing for purposes other than delay, (2) the appeal 'raises a substantial question of law or fact,' and (3) a favorable appellate ruling on that substantial question would likely result in a reversal," or an order for new trial. See 18 U.S.C. Sec. 3143(b)(1)(B).

(1) 18 U.S.C. Sec. 3143 (b)(1)(A)

Defendant Streinz was previous granted release, subject to conditions. (Dkt 43). Defendant Streinz executed an appearance bond (Dkt. 42), which has not been exonerated. Defendant Streinz has surrendered his passport (Dkt. 63).

After trial, the Court denied Defendant's Motion for Continuation of Release Pending Appeal, finding that the appeal did not raise a substantial question of law or fact. (Dkt. 997). The Court did not find that Defendant posed a risk of flight or was a danger to the community.

After consideration, the Court finds Defendant Streinz has demonstrated by clear and convincing evidence that Defendant Streinz does not pose a risk of flight and is not a danger to the community.

(2) 18 U.S.C. Sec. 3143 (b)(1)(B)

The Eleventh Circuit Court of Appeals has reversed Defendant's conviction and

Case No. 8:10-CR-550-T-17MAP

remanded for a new trial.

After consideration, the Court finds that Defendant Streinz has met the requirements of 18 U.S.C. Sec. 3143(b)(1)(B).

The Court grants Defendant's Unopposed Motion for Bond Pending Appeal, subject to the same conditions previously imposed. The Court attaches and incorporates by reference the Order of Release and Appearance Bond. (Dkts. 42, 43). The Court directs the Attorney General of the United States and the Bureau of Prisons to release Defendant Joel Streinz pending appeal pursuant this Order and Defendant's Appearance Bond. Accordingly, it is

**ORDERED** that Defendant Streinz' Unopposed Motion for Release Pending Appeal (Dkt. 1341) and Supplemental Motion (Dkt. 1344) are **granted**. The Court **directs** the Attorney General of the United States and the Bureau of Prisons **to release** Defendant Streinz pending appeal.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 8th day of July, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record